

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### (GREENSBORO DIVISION)

MARK GOINS, by Next Friend KIMBERLY FREELAND, Attorney-in-Fact under Power of Attorney,

Petitioner,

v.

SHERIFF OF UNION COUNTY, NORTH CAROLINA, in his official capacity as custodian,

Respondent.

Civil Action No. 25CV844

---

# PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

(Article I, §9, cl. 2; Judiciary Act of 1789, ch. 20, §14, 1 Stat. 73, 81–82)

---

## INTRODUCTION

This Petition for Writ of Habeas Corpus challenges the unlawful restraint of liberty now imposed upon Mark Anthony Goings ("Petitioner"), who is presently confined at Union County Jail, Monroe, North Carolina, under color of state proceedings that lack both subject-matter and personal jurisdiction, and that are marred by grave violations of constitutional due process.

Petitioner has raised jurisdictional challenges that remain unrebutted, served a formal notice of default, and appeared in court on June 23, 2025, only to face an ambush trial without notice or opportunity to prepare. Despite his presence at that hearing, the court fabricated a "failure to appear," forfeited his bond, and issued an Order for Arrest. Petitioner was re-arrested in July 2025 and has since been held under an excessive $1,000,000 secured bail, with trial set for September 15, 2025.

Petitioner further asserts that as an Indigenous Moorish national, his personal jurisdiction was contested on the record and through a formal Consular notice invoking the Treaty of Peace and Friendship, 8 Stat. 116 (1796). The trial court ignored these jurisdictional challenges and

1

consular communications, proceeding in violation of both constitutional due process and treaty obligations.

---

# I. CUSTODY

1. Petitioner, Mark Anthony Goings (DOB: 06/27/1974), is presently confined at Union County Jail, 3344 Presson Road, Monroe, NC 28112.
2. Custody arises under color of an Order for Arrest issued on June 23, 2025, in Case No. 23CR364401-890, following charges of "possession of cocaine" and "possession with intent to distribute."
3. On July [specific date], 2025, Petitioner was re-arrested after the Union County court falsely entered a "failure to appear." Bail was then set at $1,000,000 secured, an excessive and punitive measure inconsistent with the Eighth Amendment.
4. Petitioner has been continuously incarcerated since that re-arrest. His trial is currently scheduled for September 15, 2025, in Union County Superior Court.

# II. NEXT FRIEND STANDING

5. This Petition is filed by Next Friend Kimberly Freeland, pursuant to the doctrine recognized in Whitmore v. Arkansas, 495 U.S. 149 (1990).
6. Under Whitmore, two conditions establish proper "next friend" standing: (1) the real party in interest is unable to litigate personally due to detention or disability; and (2) the next friend has a significant relationship and is truly dedicated to the individual's best interests.
7. Both conditions are satisfied here:
    o Petitioner is physically confined at Union County Jail and is unable to prepare and file his own habeas petition.
    o Next Friend Kimberly Freeland holds a valid Power of Attorney (attached as Exhibit E) authorizing her to act as Attorney-in-Fact for Petitioner, and she is wholly dedicated to his welfare.
8. Accordingly, this Petition is properly filed by Next Friend on Petitioner's behalf.

---

# III. VENUE AND AUTHORITY

9. Venue lies in this Court because Petitioner is confined within the territorial jurisdiction of the Middle District of North Carolina, Greensboro Division.
10. The Suspension Clause of the United States Constitution provides that "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. CONST. art. I, § 9, cl. 2. (28 USC 2241)
11. Congress vested federal courts with habeas corpus power in the Judiciary Act of 1789, ch. 20, §14, 1 Stat. 73, 81–82, which remains a foundation of federal habeas jurisdiction.

2

12. This Court has authority to inquire into the legality of Petitioner's custody and to order his release where detention is in violation of the Constitution, treaties, or laws of the United States. See also Boumediene v. Bush, 553 U.S. 723, 779 (2008).

# IV. DETAILED STATEMENT OF FACTS

## A. Initial Arrest and Charges

13. On or about [insert arrest date], Petitioner was arrested during the execution of a search warrant in Union County, North Carolina.
14. He was subsequently charged in Case No. 23CR364401-890 with two counts:

- Possession of Cocaine; and
- Possession with Intent to Distribute Cocaine.

15. Petitioner consistently objected that these proceedings lacked jurisdiction, both subject-matter and personal, and placed those objections on the record at the earliest stages.

## B. Jurisdictional Challenges and Default

16. Petitioner filed written Challenges to Jurisdiction (attached as Exhibit A) contesting the court's authority to prosecute him absent proof of jurisdiction, an actual injured party, or damage to property.
17. These challenges specifically denied subject-matter jurisdiction and personal jurisdiction, and also invoked Petitioner's status as an Indigenous Moorish national, duly proclaimed and nationalized, not subject to state statutes and codes.
18. The court failed to respond or rebut these jurisdictional objections.
19. Petitioner then served a Notice of Default for Non-Response upon the court, placing it on record that its silence constituted acquiescence to the challenge. Despite this, the court continued to proceed. (Exhibit G: Court Docket/Minutes showing unrebutted filings.)

## C. Consular Notice and Treaty Rights

20. In addition to his own filings, Petitioner's Consular issued a formal Notice (attached as Exhibit F) to the Union County Superior Court, asserting Petitioner's Moorish nationality and invoking the Treaty of Peace and Friendship (1796), 8 Stat. 116.
21. The Notice expressly challenged the court's jurisdiction, demanded Petitioner's release unless a valid injured party was produced, and asserted that proceeding against Petitioner under state statutes violated treaty protections.
22. The court failed to acknowledge or address this consular notice, thereby disregarding binding treaty law and due process principles.

3

## D. June 23, 2025 Hearing and Ambush Trial

23. On June 23, 2025, Petitioner appeared in Union County Superior Court. (Exhibit B: Witness Affidavit confirming Petitioner's presence.)
24. At this hearing, Petitioner again renewed his jurisdictional challenge. Instead of ruling on the jurisdictional question, the presiding judge announced that trial would proceed immediately that day.
25. Petitioner objected that he had received no notice of a trial setting, had no time to prepare, and had not had the opportunity to secure witnesses or trial materials.
26. When the court insisted it would proceed regardless, Petitioner declared his inability to go forward under such conditions. He then stepped out of the courtroom briefly, accompanied by his witness, to retrieve documents.

## E. Fabricated "Failure to Appear" and Bond Forfeiture

27. Immediately after Petitioner left the courtroom — though he had been present and was accompanied by a witness — the court entered a "Failure to Appear."
28. The court then declared Petitioner's bond forfeited and issued a new Order for Arrest on the same date, June 23, 2025. (Exhibit C: Order for Arrest; Exhibit D: Bond Forfeiture Notice.)
29. This record entry was false and fraudulent, as Petitioner was in fact present at the hearing, as corroborated by his witness.

## F. July 2025 Re-Arrest and Increased Bail

30. In July 2025, Petitioner was apprehended under the June 23 Order for Arrest.
31. Upon his re-arrest, the Union County court imposed a secured bail of $1,000,000, a sum grossly disproportionate to the charges, punitive in character, and violative of the Eighth Amendment. (Exhibit H: Bail Documentation.)
32. Petitioner has remained incarcerated since that date.

## G. September 15, 2025 Trial Setting

33. Despite the pending jurisdictional challenges, consular notice, and due process violations, Petitioner's trial has been scheduled for September 15, 2025 in Union County Superior Court. (Exhibit I: Trial Notice.)
34. The State continues to hold Petitioner without resolving jurisdiction and after fabricating a "failure to appear" that deprived him of liberty and forfeited bond.

4

35. Petitioner remains unlawfully confined, and only the extraordinary writ of habeas corpus can restore his liberty and prevent further constitutional violations.

# V. GROUNDS FOR RELIEF

## Ground One — Lack of Subject-Matter Jurisdiction

36. A fundamental requirement of lawful prosecution is that the court possess subject-matter jurisdiction. Petitioner explicitly denied such jurisdiction through written challenges and oral objections placed on the record. (Exhibit A: Jurisdictional Challenge).
37. The State failed to rebut or adjudicate these challenges. Instead, it proceeded to act as if jurisdiction had been established, despite having no lawful basis to do so.
38. It is a settled principle that a judgment entered without jurisdiction is void ab initio and of no legal effect. See Ex parte Siebold, 100 U.S. 371, 376–77 (1880); Ex parte Lange, 85 U.S. 163, 176–77 (1874).
39. Because jurisdiction was never established, all subsequent orders, including the June 23, 2025 Order for Arrest and the July 2025 detention order, are void. Petitioner's current custody is therefore unlawful.

## Ground Two — Lack of Personal Jurisdiction; Treaty and Consular Rights Ignored

40. Petitioner is an Indigenous Moorish national who has duly proclaimed and nationalized his status. He is not subject to the corporate statutes and codes of the State of North Carolina absent lawful jurisdiction.
41. Petitioner's Consular submitted a formal written notice (Exhibit F) to the trial court, invoking the Treaty of Peace and Friendship (1796), 8 Stat. 116, and demanding release unless the State produced an actual injured party.
42. The treaty is part of the supreme law of the land. U.S. CONST. art. VI, cl. 2. By failing to address the Consular's jurisdictional challenge, the State court disregarded both constitutional due process and binding treaty law.
43. This failure deprived Petitioner of his right to a fair determination of personal jurisdiction and rendered all subsequent proceedings void.

## Ground Three — Due Process Violations: Ambush Trial, Fabricated Failure to Appear, and Bond Forfeiture

44. On June 23, 2025, Petitioner appeared in court, ready to argue jurisdiction. Instead of ruling on that issue, the court announced it would proceed to trial immediately.

5

45. Petitioner objected, citing lack of notice, lack of preparation, and inability to secure witnesses. These are core elements of due process protected by the Fifth and Fourteenth Amendments.
46. When Petitioner briefly stepped out of the courtroom with his witness, the court falsely entered a "Failure to Appear," forfeited his bond, and issued a new Order for Arrest. (Exhibit B: Witness Affidavit; Exhibit C: Order for Arrest; Exhibit D: Bond Forfeiture Notice).
47. Fabricating a failure to appear when a defendant is present, accompanied by a witness, constitutes fraud upon the court and a deprivation of liberty without due process of law.
48. The deprivation is compounded by the forfeiture of bond, which stripped Petitioner of property without lawful basis, in violation of constitutional protections.

## Ground Four — Excessive Bail

49. Following the July 2025 re-arrest, the court imposed a secured bond of $1,000,000.
50. This amount is grossly disproportionate to the allegations and is punitive in nature. It far exceeds what would be required to assure Petitioner's appearance at trial.
51. Excessive bail is expressly prohibited by the Eighth Amendment. See Stack v. Boyle, 342 U.S. 1, 4–5 (1951).
52. Bail set at such a confiscatory level effectively denies release altogether and amounts to punishment prior to conviction, which is unconstitutional.

## Ground Five — Speedy Trial and Ongoing Unlawful Detention

53. Petitioner has been continuously incarcerated since July 2025.
54. His trial is not scheduled until September 15, 2025, after a fabricated failure to appear, a fraudulent bond forfeiture, and repeated jurisdictional objections that remain unadjudicated.
55. Under the Sixth Amendment, Petitioner is entitled to a speedy trial. The Supreme Court in Barker v. Wingo, 407 U.S. 514, 530–33 (1972), established four factors: length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant.
56. Each factor weighs in Petitioner's favor:

- The length of delay is significant, extending from June through September 2025 while Petitioner remains jailed.
- The reason for delay is attributable entirely to the State's fabrication of an FTA and refusal to rule on jurisdiction.
- Petitioner has repeatedly asserted his rights in writing, on the record, and through his Consular.
- Petitioner has suffered prejudice through incarceration, loss of liberty, inability to prepare defense, and imposition of excessive bail.

6

57. Petitioner's continued detention pending trial is unlawful under these principles, and habeas relief is the only effective remedy.

# VI. EXHAUSTION OF REMEDIES AND INADEQUACY OF STATE PROCESS

58. Petitioner has made diligent efforts to assert his rights in the state forum. He filed jurisdictional challenges, served a notice of default, and placed objections on the record at multiple hearings. (Exhibit A, Exhibit G.)
59. Petitioner's Consular likewise issued a formal written notice invoking the Treaty of Peace and Friendship and demanding recognition of Petitioner's national status and release absent proof of an injured party. (Exhibit F.)
60. The state court has refused to adjudicate these jurisdictional challenges, has ignored the Consular notice, and has instead fabricated a failure to appear, forfeited bond, and imposed an excessive secured bail.
61. These circumstances demonstrate that state remedies are either unavailable or ineffective to protect Petitioner's rights. See Ex parte Siebold, 100 U.S. 371 (1880).
62. Federal habeas review is therefore not only appropriate but necessary to prevent ongoing violations of constitutional, treaty, and statutory law.

# VII. RELIEF REQUESTED

63. For the reasons set forth herein, Petitioner respectfully prays this Court for the following relief:

A. That the Court issue a Writ of Habeas Corpus ordering Petitioner's immediate release from custody at Union County Jail;

B. That the Court declare the state proceedings in Case No. 23CR364401-890 void for lack of jurisdiction;

C. That the Court stay any state proceedings, including the trial scheduled for September 15, 2025, pending resolution of this Petition;

D. That the Court grant such other and further relief as law and justice may require.

## VERIFICATION

I, Kimberly Freeland, Next Friend and Attorney-in-Fact for Mark Anthony Goings, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Petition for Writ of Habeas Corpus and that the facts stated herein are true and correct to the best of my knowledge.

Executed this 12th day of September, 2025.

Kimberly Freeland

Next Friend for Mark Goings

3615 Pertland Trail
Greensboro, NC 27405
336-615-0853
kimberlyfreeland@yahoo.com

8

# CERTIFICATE OF SERVICE

I certify that on this 12th day of September, 2025, I served a true and correct copy of the foregoing Petition for Writ of Habeas Corpus, with all Exhibits, by [certified mail / hand delivery] upon:

1. Eddie Cathey
   Sheriff of Union County (Custodian)
   Union County Jail
   3344 Presson Road
   Monroe, NC 28112

2. Attorney General of North Carolina
   Jeff Jackson
   North Carolina Department of Justice
   114 W. Edenton Street
   Raleigh, NC 27603

3. District Attorney, Union County
   Trey Robinson
   400 N. Main Street
   Monroe, 28112

Kimberly Freeland

Next Friend for Mark Goings

# Exhibit A

Jurisdictional Challenge

23 pages, indexed in State Court Docket

Legacy Scan as page 133

Dated 09/22/2024

# JUDICIAL NOTICE
## NOTICE TO ADMINISTRATOR

Mark Anthony;Goins Bey CASE # 23CR364401-890_ Petitioner

vs

### STATE OF NORTH CAROLINA FOR UNION COUNTY

JUDGE: Perry Smith (or current judge) Superior Court for NORTH CAROLINA

**FILED**

**2024 MAR -8 P 4:26**

**UNION CO., C.S.C.**

**BY TMR**

### RE: MARK ANTHONY GOINS
### NOTICE TO THE ADMINISTRATIVE COURT
### ALL COURTS ARE OPERATING UNDER
### (1) TRADING WITH THE ENEMY ACT AS CODIFIED IN TITLE 50 USC,
### (2) TITLE 28 USC, CHAPTER 176, FEDERAL DEBT COLLECTION PROCEDURE, AND
### (3) FED.R.CIV.P. 4(j) UNDER TITLE 28 USC §1608,MAKING THE COURTS "FOREIGN STATES" TO THE PEOPLE BY CONGRESSIONAL MANDATE"IT IS THE DUTY OF THE COURT TO DECLARE THE MEANING OF WHAT IS WRITTEN, AND NOT WHAT WAS INTENDED TO BE WRITTEN. J.W. Seavey Hop Corp. v. Pollock, 20 Wn.2d 337,348-49, 147 P.2d 310 (1944), cited with approval in Berg v. Hudesman, 115 Wn2d at 669.

COMES NOW, Petitioner, _Mark Anthony Goins Bey, giving JUDICIAL NOTICE, that the Plaintiff / Court lacks jurisdiction to hear, convict, or bring any case against this Petitioner under Federal Rules of Civil Procedure 4(j),12(b)(1), (2), (3), (4), (5) & (6) as well as the 4th, 5th, 9th, 10th, 11th and 14th amendments of the Constitution, whereby Petitioner is not subject to a Foreign State.

## ISSUE ONE:
## OATH OF OFFICE MAKES PUBLIC OFFICIALS "FOREIGN"

1. Those holding Federal or State public office, county or municipal office, under the Legislative, Executive or Judicial branch, including Court Officials, Judges, Prosecutors, Law Enforcement Department employees, Officers of the Court, and etc., before entering into these public offices, are required by the U.S. Constitution and statutory law to comply with Title 5 USC, Sec. §3331, "Oath of office." State Officials are also required to meet this same obligation, according to State Constitutions and State statutory law.

2. All oaths of office come under 22 CFR, Foreign Relations, Sections §§92.12 – 92.30, and all who hold public office come under Title 8 USC, Section §1481 "Loss of nationality by native-born or naturalized citizen; voluntary action; burden of proof; presumptions."

3. Under Title 22 USC, Foreign Relations and Intercourse, Section §611, a Public Official is considered a foreign agent. In order to hold public office, the candidate must file a true and complete registration statement with the State Attorney General as a foreign principle.

4. The Oath of Office requires the public official in his / her foreign state capacity to uphold the constitutional form of government or face consequences.

Title 10 USC, Sec. §333, "Interference with State and Federal law"

1

288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute."); In re Marriage of Milliken, 199 Ill.App.3d 813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is limited to that conferred by statute."); Vulcan Materials Co. v. Bee Const. Co., Inc., 101 Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981) ("Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction."); "There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215. "A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732. "Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846. "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27. "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937. "Where a court fails to observe safeguards, it amounts to denial of due process of law, and the court is deprived of juris." Merritt.v. Hunter, C.A. Kansas 170 F2d 739. "the fact that the petitioner was released on a promise to appear before a magistrate for an arraignment, that fact is a circumstance to be considered in determining whether in first instance there was probable cause for the arrest." Monroe v. Papa, DC, Ill. 1963, 221 F Supp 685. "Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter." See McNutt v. GMAC, 298 US 178. The origins of this doctrine of law may be found in Maxfield's Lessee v. Levy, 4 US 308. "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026. "The law provides that once State and Federal jurisdiction has been challenged, it must be proven." –Maine v. Thiboutot, 100 S. Ct. 2502 (1980). "Once jurisdiction is challenged, it must be proven." –Hagans v. Lavine, 415 U.S. 533. "Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." –Thompson v. Tolmie, 2 Pet. 157, 7 L.Ed. 381; Griffith v. Frazier, 8 Cr. 9, 3L. Ed. 471.

"No sanctions can be imposed absent proof of jurisdiction." –Standard v. Olsen, 74 S. Ct. 768; Title 5 U.S.C., Sec. 556 and 558 (b).

"The proponent of the rule has the burden of proof." –Title 5 U.S.C., Sec. 556 (d). "Jurisdiction can be challenged at any time, even on final determination." –Basso v. Utah Power & Light Co., 495 2nd 906 at 910. "Mere good faith assertions of power and authority (jurisdiction) have been abolished." –Owens v. The City of Independence, "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." –Wuest v.

Wuest, 127 P2d 934, 937. "In a court of limited jurisdiction, whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction." —Bindell v City of Harvey, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it."). "Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction." —Loos v American Energy Savers, Inc., 168 Ill.App.3d 558, 522 N.E.2d 841(1988)("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff."). The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the defendant's due process rights; and the judge under court decisions has immediately lost subject-matter jurisdiction. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates. —Flake v Pretzel, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions, being statutory proceedings, ...were void for want of power to make them.") ("The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void."); Armstrong v Obucino, 300 Ill. 140, 143, 133 N.E. 58 (1921) "The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it." In Interest of M.V., 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute."); In re Marriage of Milliken, 199 Ill.App.3d 813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is limited to that conferred by statute."); Vulcan Materials Co. v. Bee Const. Co., Inc., 101 Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981) ("Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction.").

## TABLE OF AUTHORITIES – LACK OF JUDICIAL IMMUNITY

Thus, neither Judges nor Government attorneys are above the law: See United States v. Isaacs, 493 F. 2d 1124, 1143 (7th Cir. 1974). In our judicial system, few more serious threats to individual liberty can be imagined than a corrupt judge or judges acting in collusion outside of their judicial authority with the Executive Branch to deprive a citizen of his rights. In The Case of the Marshalsea, 77 Eng. Rep. 1027 (K.B. 1613), Sir Edward Coke found that Article 39 of the Magna Carta restricted the power of judges to act outside of their jurisdiction such proceedings would be void, and actionable. When a Court has (a) jurisdiction of the cause, and proceeds inverso ordine or erroneously, there the party who sues, or the officer or minister of the Court who executes the precept or process of the Court, no action lies against them. But (b) when the Court has no jurisdiction of the cause, there the whole proceeding is before a person who is not a judge, and actions will lie against them without any regard of the precept or process . . . Id. 77 Eng. Rep. at 1038-41.

A majority of states including Virginia (see, Va. Code §8:01-195.3(3)), followed the English rule to find that a judge had no immunity from suit for acts outside of his judicial capacity or jurisdiction: Robert Craig Waters, "Liability of Judicial Officers under Section



1983' 79 Yale L. J. (December 1969), pp. 326-27 and ·29-30).

Also as early as 1806, in the United States there were recognized restrictions on the power of judges, as well as the placing of liability on judges for acts outside of their jurisdiction. In Wise v. Withers, 7 U.S. (3 Cranch) 331 (1806), the Supreme Court confirmed the right to sue a judge for exercising authority beyond the jurisdiction authorized by statute.

In Stump v. Sparkman, 435 U.S. 349 at 360 (1978), the Supreme Court confirmed that a judge would be immune from suit only if he did not act outside of his judicial capacity and/or was not performing any act expressly prohibited by statute. See Block, Stump v. Sparkman and the History of Judicial Immunity, 4980 Duke L.J. 879 (1980). The Circuit Court overturned this case and the judge was liable.

Judicial immunity may only extend to all judicial acts within the court's jurisdiction and judicial capacity; but it does not extend to either criminal acts, or acts outside of official capacity or in the 'clear absence of all jurisdiction.' See Stump v. Sparkman 435 U.S. 349 (1978). "When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid Constitutional provisions or valid statutes expressly depriving him of jurisdiction or judicial capacity, judicial immunity is lost." –Rankin v. Howard 633 F.2d 844 (1980), Den Zeller v. Rankin, 101 S.Ct. 2020 (1981).

As stated by the United States Supreme Court in Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872), 'where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction.' The constitutional requirement of due process of the law is indispensable:"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be

twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty or property, without due process of law**; nor shall private property be taken for public use without just compensation." Article V, National Constitution. "A judgment can be void ... where the court acts in a manner contrary to due process." –Am Jur 2d, §29 Void Judgments, p. 404. "Where a court fails to observe safeguards, it amounts to denial of due process of law, and the court is deprived of juris." –Merritt v. Hunter, C.A. Kansas 170 F2d 739. "Moreover, all proceedings founded on the void judgment are themselves regarded as invalid." –Olson v. Leith 71 Wyo. 316, 257 P.2d 342. "In criminal cases, certain constitutional errors require **automatic reversal**," see State v. Schmit, 273 Minn. 78, 88, 139 N.W.2d 800, 807 (1966).

### TABLE OF AUTHORITIES – RECIPROCAL IMMUNITY AND FOREIGN AGENT REGISTRATION

UNITED STATES INTERNATIONAL ORGANIZATIONS IMMUNITIES ACT, PUBLIC LAW 79-291, 29 DECEMBER 1945(Public Law 291-79th Congress) TITLE I Section 2.(b) International organizations, their property and their assets, wherever located and by whomsoever held, shall enjoy the same immunity from suit and every form of Judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract. (d) In so far as concerns customs duties and internal-revenue taxes imposed upon or by reason of importation, and the procedures in connexion therewith; the registration of foreign agents; and the treatment of official communications, the privileges, exemptions, and immunities to which international organizations shall be entitled shall be those accorded under similar circumstances to

14

# Exhibit C

Order For Arrest

Dated: June 23rd 2025

| File No. | | Law Enforcement Case No. | | LID No. | |
|---|---|---|---|---|---|
| 23CR364401-890 | ☐ See Attachment | | | | |

# ORDER FOR ARREST
# OFA-25-418113

## THE STATE OF NORTH CAROLINA VS.

**Name, Address & Telephone No. Of Defendant**
MARK ANTHONY GOINS
103 MERIDITH DR
MOORE County
ABERDEEN          NC          28315

## STATE OF NORTH CAROLINA

UNION ____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Spoken Language Court Interpreter Needed For Any Party, Victim, Or Witness? (If Yes, identify person(s) and language(s). Interpreters provided for all court proceedings at no cost.)*
☒ No  ☐ Yes: *(explain)*

**To any officer with authority and jurisdiction to serve an Order For Arrest:**
The Court finds that:

☒ 1. FTA - RELEASE ORDER [G.S. 15A-305(b)(2)] the defendant has been arrested and released from custody and has failed on the date shown to appear as required by the Release Order.
   ☐ This is the defendant's second or subsequent failure to appear on these charges.

☐ 2. FTA - CRIMINAL SUMMONS OR CITATION *(Do not use for infraction.)* [G.S. 15A-305(b)(3)] the defendant has failed on the date shown to appear as required by a duly executed Criminal Summons or by a Citation that charged the defendant with a misdemeanor.

☐ 3. TRUE BILL OF INDICTMENT [G.S. 15A-305(b)(1)] a Grand Jury has returned a true bill of indictment against the defendant, a copy of which is attached. [**Note To Arresting Officer:** *If this option is checked, defendant must be fingerprinted. G.S. 15A-502(a).*]

☐ 4. FTA - SHOW CAUSE AFTER FTC [G.S. 15A-305(b)(8)] the defendant has failed on the date shown to appear as required in a Show Cause Order entered in this criminal proceeding.

☐ 5. FTA - SHOW CAUSE ORDER IN ORIGINAL CRIMINAL JUDGMENT [G.S. 15A-305(b)(8); -1362(c); -1364(a)] the defendant has failed by the date shown to pay a fine or costs or both as required by a judgment entered in this case and has also failed, as required upon such failure, to appear on that date and show cause why the defendant should not be imprisoned.

☐ 6. PROBABLE CAUSE THAT DEFENDANT MAY FAIL TO APPEAR - CRIMINAL CONTEMPT [G.S. 15A-305(b)(9); 5A-16] this Court has initiated plenary proceedings for contempt against the defendant under G.S. 5A-16, has issued a show cause order and finds probable cause to believe that the defendant will not appear as required in response to that order.

☐ 7. PROBATION VIOLATION [G.S. 15A-305(b)(4); -1345(a)] the probation officer has provided the court with a written statement, signed by the probation officer, alleging that the defendant has violated specified conditions of the defendant's probation and a copy of the written statement is attached.

☐ 8. Other: *(specify)*

| Race | Sex | Date Of Birth | Age |
|---|---|---|---|
| B | M | 06/27/1974 | |

**Name And Address Of Defendant's Employer**

**Date Of Offense**
07/20/2023

| Date Defendant Failed To Appear | Type Of Bond |
|---|---|
| 06/23/2025 | Secured Bond |

**Amount Of Bond**
$ 1,000,000.00

**Notes**
NO PREV OFA; PREV BOND $200,000 SECURED

## OFFENSE(S)

| Count No. | Offense | In Violation of G.S. | Code | Count No. | Offense | In Violation of G.S. | Code |
|---|---|---|---|---|---|---|---|
| 51 | F - TRAFFICK COCAINE BY POSSESSION | 90-95(H)(4) | 3599 | | | | |
| 52 | F - TRAFFICK COCAINE BY TRANSPORTATION | 90-95(H)(4) | 3599 | | | | |
| 53 | F - MAINTN VEH/DWELL/PLACE CS (F) | | 9968 | | | | |
| 54 | M - POSSESS MARIJUANA UP TO 1/2 OZ | 90-95(D)(4) | 3550 | | | | |

| **TRUE BILL OF INDICTMENT ONLY** | **You are DIRECTED to take the defendant into custody and bring the defendant before a judicial official for the purpose of:** |
|---|---|
| Date Of Arrest & Check Digit No. (as shown on fingerprint card) | ☒ determining conditions of release, and for commitment if the defendant is unable to comply.<br>☐ commitment since release of the defendant is not authorized. |

**Name Of Issuing Official**
Wendy Maynard, by and through Caitlin Medlin

**Signature**
*Caitlin Medlin*

**Location Of Court**

**Court Date**

☐ Magistrate  ☐ Deputy CSC  ☐ DC Judge
☐ Asst. CSC  ☐ Clerk Of Superior Court  ☐ SC Judge

**Date Issued**
06/23/2025

**Court Time**

AOC-CR-217, Rev. 7/24, © 2024 Administrative Office of the Courts

| STATE VERSUS | | UNION County | File No. 23CR364401-890 |
|---|---|---|---|

**Name Of Defendant**
MARK ANTHONY GOINS

**Date Of Issuance Of Order For Arrest**
06/23/2025

If the Order For Arrest is not served within one hundred and eighty (180) days, it must be returned to the Clerk of Court in the county in which it was issued with the reason for the failure of service noted thereon.

## RETURN OF SERVICE

I certify that the Order For Arrest issued in this case on the date noted above for the defendant named above, was received and served as follows:

| Date Received | Date Served | Time Served | Date Returned |
|---|---|---|---|
| | | | |

☐ By arresting the defendant and bringing the defendant before:

**Name Of Judicial Official**

☐ The Order WAS NOT served for the following reason:

| Signature Of Officer Making Return | Name Of Officer (type or print) |
|---|---|
| | |

**Department Or Agency Of Officer**

## REDELIVERY/REISSUANCE

| Date | Name Of Clerk (type or print) | Signature Of Clerk | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
|---|---|---|---|
| | | | |

## RETURN FOLLOWING REDELIVERY/REISSUANCE

I certify that the Order For Arrest issued in this case on the date noted above for the defendant named above, was received and served as follows:

| Date Received | Date Served | Time Served | Date Returned |
|---|---|---|---|
| | | | |

☐ By arresting the defendant and bringing the defendant before:

**Name Of Judicial Official**

☐ The Order WAS NOT served for the following reason:

| Signature Of Officer Making Return | Name Of Officer (type or print) |
|---|---|
| | |

**Department Or Agency Of Officer**

AOC-CR-217 Return, Rev. 7/24
© 2024 Administrative Office of the Courts

# Exhibit D

Bond Forfeiture

June 23, 2025

# STATE OF NORTH CAROLINA

File No.*
23CR364401-890    Bond A

Union County

In The General Court Of Justice
Superior Court

| Name And Mailing Address Of Record Of Defendant | | |
|---|---|---|
| Mark Anthony Goins<br>103 Meridith Dr<br>Aberdeen Nc 28315 | | |

**BOND FORFEITURE NOTICE**

25B116461

G.S. 15A-544.3, -544.4, -544.5

| Power Of Appointment No. Of Bail Agent | Lic. No. Of Agent/Runner<br>8393776 | Seal Or Power Of Attorney Certificate No.<br>5250261 60-0 | Amount Of Bond<br>$200,000.00  Secured | Date Of Bond<br>08/15/2023 |
|---|---|---|---|---|

| Name And Address Of Record Of Sureties And Of Bail Agent/Runner, If Applicable | | | Name And Address Of School Board Attorney |
|---|---|---|---|
| BOSTON, TRUMAINE, A | 307 WEST 16TH ST<br>WASHINGTON NC 27889 | Fiduciary | Michele E. Morris<br>400 North Church Street<br>Monroe NC  28112-2811 |
| BANKERS INSURANCE<br>COMPANY | PO BOX 15707<br>ST PETERSBURG NC 33733 | Surety | |

## FORFEITURE

The defendant and surety named above bound themselves for the appearance of the defendant by execution of the appearance bond noted above. The defendant was called in open court and failed to appear on the date of forfeiture as shown below. It is ORDERED that the appearance bond be forfeited.

| Failure To Appear Date<br>06/23/2025 | Date Issued<br>07/01/2025 | Final Judgment Date<br>12/01/2025 | Name Of Judge (type or print)<br>ADAM M ELKINS | Signature Of Judge<br>/S/  ADAM M ELKINS |
|---|---|---|---|---|

## NOTICE TO THE DEFENDANT AND EACH SURETY NAMED ABOVE

The defendant named above has failed to appear as required before the court in the case identified above. A forfeiture for the amount of the bail bond shown above was entered in favor of the State against the defendant and each surety named above on the date of forfeiture shown above. This forfeiture will be set aside if, on or before the final judgment date shown above, satisfactory evidence is presented to the court that one of the following events has occurred: **(i)** the defendant's failure to appear has been stricken by the court in which the defendant was required to appear and any order for arrest that was issued for that failure to appear is recalled, **(ii)** all charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking a voluntary dismissal with leave, **(iii)** the defendant has been surrendered by a surety or bail agent to a sheriff of this State as provided by law, **(iv)** the defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record, **(v)** the defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate, **(vi)** the defendant was incarcerated in a unit of the Division of Prisons of the Department of Adult Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within  the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Prisons of the Department of Adult Correction or Federal Bureau of Prisons, **(vii)** the defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, or between the failure to appear and the final judgment date, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed, **(viii)** notice of forfeiture was not provided pursuant to G.S. 15A-544.4(e), or **(ix)** the court refused to issue an order for arrest for the defendant's failure to appear, as evidenced by a copy of an official court record, including an electronic record. **The forfeiture will not be set aside for any other reason.** If this forfeiture is not set aside on or before the final judgment date shown above, and if no motion to set it aside is pending on that date, the forfeiture will become a final judgment on that date. The final judgment will be enforceable by execution against the defendant and any accommodation bondsman and professional bondsman on the bond. The final judgment will also be reported to the Department of Insurance. Further, no surety will be allowed to execute any bail bond in the above county until the final judgment is satisfied in full.

## CERTIFICATE OF SERVICE

I certify that on this date I mailed a copy of this Notice of the above Forfeiture by first-class mail to the defendant and each surety at the address of record shown.

| Date Notice Given<br>07/01/2025 | Signature<br>/S/  Shannon Stokes | DEPUTY CLERK |
|---|---|---|

*Additional File Nos.

(Over)

AOC-CR-213 (ICMS), Rev. 1/23, © 2023 Administrative Office of the Courts

# DURABLE POWER OF ATTORNEY

I, MARK ANTHONY GOINS (referred to hereafter as the "Principal"), hereby appoint Kimberly Freeland of the Goins Estate Trust, located at Branch Office 1585 Yanceyville St. #13145 Greensboro, NC 27405 (referred to hereafter as the "Agent"), to act on my behalf. The Agent shall exercise the designated powers in my best interest and for my general welfare, acting as a fiduciary. The authorized representative of this Durable Power of Attorney will be able to operate on behalf of MARK ANTHONY GOINS and any (or) all derivatives.

This Power of Attorney is issued by the living man, Mark Anthony of the Goins family, hereinafter "Principal," acting in his private, non-commercial capacity, and as Executor over the Estate titled in the all-caps name "MARK ANTHONY GOINS." The Agent, Kimberly Freeland, is appointed in her capacity as Trustee of the Goins Estate Trust and is authorized to act in both private and fiduciary roles, including over any estate, trust res, or administrative matter involving the Principal or derivatives of the name thereof.

## APPOINTMENT OF ALTERNATE AGENT

There shall be no other individuals authorized to make financial decisions on behalf of the Principal.

## POWERS DELEGATED TO THE AGENT

### 1. Banking

- Continue, modify, or terminate any banking arrangements or accounts made by or on behalf of the Principal.
- Establish, modify, or terminate accounts with financial institutions, including banks, trust companies, credit unions, etc.
- Withdraw funds by various methods including checks and electronic transfers.
- Access safe deposit boxes and manage their contents.
- Borrow money and pledge personal property as security.
- Handle negotiable instruments on behalf of the Principal.
- Apply for and use letters of credit, credit/debit cards, and traveler's checks.
- Extend the time for payment regarding financial transactions.

### 2. Business Interests

- Operate, buy, sell, or modify ownership interests.
- Enforce ownership agreements and participate in related litigation.

- Exercise rights and powers related to stocks, bonds, and business operations.
- Manage contracts and business operations, including location, methods, and employee relations.
- Handle financial transactions and taxes related to business interests.

## 3. Safe Deposit Box

- Access and manage the contents of any safe deposit box rented by the Principal.

## 4. Stocks and Bonds

- Buy, sell, and exchange stocks and bonds.
- Manage accounts related to stocks and bonds.
- Pledge stocks and bonds as security.
- Exercise voting rights and enter into voting trusts.

## 5. Commodities and Options

- Trade commodity futures contracts and options.
- Manage option accounts.

## 6. Claims and Litigation

- Initiate or participate in litigation, settle claims, and manage legal disputes.
- Act on behalf of the Principal in bankruptcy or insolvency proceedings.
- Pay settlements and handle proceeds from claims or litigation.

## 7. Lending & Borrowing

- Make loans, borrow money, and handle promissory notes.
- Use personal property as collateral for loans.

## 8. Government Benefits

- Execute vouchers, manage property, and handle government benefits such as Social Security, Medicare, Medicaid, and military benefits.

## 9. Retirement Plans

- Manage retirement accounts and plans, including contributions, rollovers, and benefit withdrawals.

- ⊙ Establish new retirement plans and handle investment options within these plans.

## 10. Taxes

- ⊙ Prepare, sign, and file tax returns and related documents.
- ⊙ Pay taxes, collect refunds, and manage all tax-related matters.

## 11. Insurance and Annuities

- ⊙ Manage insurance policies and annuities, including procurement, modification, and termination.
- ⊙ Apply for loans secured by insurance, manage policy proceeds, and handle related tax matters.

## 12. Estates, Trusts, and Other Beneficial Interests

- ⊙ Manage all legal, financial and Estate matters to include any court matters.
- ⊙ Accept, sell, or pledge shares in funds.
- ⊙ Manage and litigate interests in estates, trusts, and other beneficial interests.
- ⊙ Transfer property to trustees and manage the Principal's beneficial interests.

## 13. Real Estate

- ⊙ Acquire, lease, or reject real property.
- ⊙ Sell, exchange, or manage real estate interests.

## Special Instructions:

The Principal grants exclusive rights to Kimberly Freeland of the Goins Estate over their voice, DNA, image (digital or physical), fingerprints, facial features, and vocal/voice properties.

This power of attorney is effective immediately upon execution and shall not be affected by any subsequent disability or incapacity of the Principal.

Any party dealing with the Agent may rely on the authority granted herein without further inquiry.

The Agent is authorized under UCC §§ 1-201, 1-103, 1-308, and 3-402 to operate as a fiduciary for the living Principal and to handle all negotiable instruments, trust property, estate property, and secured interest claims for the benefit of the Principal. This Power of Attorney operates in harmony with all federal and state fiduciary standards, including those under the North Carolina General Statutes Chapter 32C.

# SIGNATURES AND CERTIFICATION

Principal's Signature: _Mark Goins_

(Living man: Mark Anthony of the Goins family, Executor of the MARK ANTHONY GOINS Estate)

Witnesses:

1. _Javien Burton_     Print Name: _Javien Burton_
2. _jihad Brown_     Print Name: _jihad J Brown_

# AGENT'S CERTIFICATION AND ACCEPTANCE

I, Kimberly Freeland, hereby accept the authority granted by this Durable Power of Attorney and affirm that I will act in the best interest of the Principal as fiduciary, trustee, and lawful representative.

Agent's Signature: _Kimberly Freeland_

Kimberly Freeland
Goins Estate Trust
1585 Yanceyville St. #13145
Greensboro, NC 27405

# NOTARY ACKNOWLEDGMENT

State of: North Carolina    )

                                           ) ss.

County of: Guilford    )

On this 22st day of June, 2025, before me, a Notary Public, personally appeared MARK ANTHONY of the Goins family, who proved to me through government-issued photo identification to be the living man who executed this Durable Power of Attorney, and acknowledged it as his free and voluntary act.

Notary Public
My Commission Expires: 11/29/2025
(Seal)

Paula Perkins
NOTARY PUBLIC
Forsyth County
North Carolina
My Commission Expires November 29, 2025

# Union Superior Court

# Case Summary

## Case No. 23CR364401-890

| | | | |
|---|---|---|---|
| **STATE OF NORTH CAROLINA VS MARK ANTHONY GOINS** | § | Location: | **Union Superior Court** |
| | § | Filed on: | **07/20/2023** |
| | § | Electronic Warrants Warrant ID: | **nVtW6vAU3jps406kT92Hzn** |
| | § | Criminal Process Number: | **RO-23-507955** |
| | § | ACIS File Number Key: | **8902023364401D** |
| | § | Criminal Process Number: | **MO-23-506962** |
| | § | Electronic Warrants Warrant ID: | **r9twqPPuUEn4LDZnQxyg22** |
| | § | Electronic Warrants Warrant ID: | **5jfwkcfaniMvgCxMXNmfVw** |
| | § | Criminal Process Number: | **OFA-25-418113** |
| | § | Criminal Process Number: | **RO-25-456576** |
| | § | Electronic Warrants Warrant ID: | **sQorKt4eG2UdxaBN6pB8Sb** |

---

## Case Information

| | |
|---|---|
| Case Type: | Criminal |
| Case Status: | **07/20/2023  Pending** |

**Offense**

51.  TRAFFICKING IN COCAINE

| Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|
| 90-95(H)(3) | FNC | 07/20/2023 | 07/20/2023 |

Arrest

   Date:   07/09/2025

Offense Reports

   Control #:   2023-05497
   Agency:   Union County Sheriffs Office
            3344 Presson Road
            Monroe, NC, 28112

52.  TRAFFICK COCAINE BY TRANSPORTATION

| **Statute** | **Degree** | **Offense Date** | **Filed Date** |
|---|---|---|---|
| 90-95(H)(4) | FNC | 07/20/2023 | 07/20/2023 |

Arrest

   Date:   07/09/2025

Offense Reports

   Agency:   Union County Sheriffs Office
            3344 Presson Road
            Monroe, NC, 28112

*Filed As:* TRAFFICKING IN COCAINE
   *Original Statute:* 90-95(H)(3)
   *Original Degree:* FNC
   *Amended Date:* 10/30/2023

53.  MAINTN VEH/DWELL/PLACE CS (F)

| **Statute** | **Degree** | **Offense Date** | **Filed Date** |
|---|---|---|---|
| 90-108(A)(7) | FI | 07/20/2023 | 07/20/2023 |

Arrest

   Date:   07/20/2023
   Agency:   UNIONSO - Union County Sheriffs Office

Offense Reports

   Agency:   Union County Sheriffs Office
            3344 Presson Road
            Monroe, NC, 28112

54.  POSSESS MARIJUANA UP TO 1/2 OZ

| **Statute** | **Degree** | **Offense Date** | **Filed Date** |
|---|---|---|---|
| 90-95(D)(4) | M3 | 07/20/2023 | 07/20/2023 |

Arrest

   Date:   07/20/2023
   Agency:   UNIONSO - Union County Sheriffs Office

Offense Reports

   Agency:   Union County Sheriffs Office
            3344 Presson Road
            Monroe, NC, 28112

# Related Cases

23CR364401-890 (Bond Forfeiture)

# Bonds
## Secured Bond - Professional Surety

    #25B116461
       $200,000.00
  08/15/2023
    Posted
  06/27/2025
    Forfeiture Pending
  06/27/2025
    Auto BF Civil Case Update
  06/23/2025
    Forfeiture Ordered
Counts: 51, 52, 53, 54
Bond Company: BOSTON, TRUMAINE, A
307 WEST 16TH ST
WASHINGTON, NC 27889
Bond Insurance Company: BANKERS INSURANCE COMPANY
P.O. BOX 15707
ST. PETERSBURG, FL 33733

---

# Assignment Information

## Current Case Assignment
Case Number   23CR364401-890
Court          Union Superior Court
Date Assigned   07/21/2023

---

# Party Information

---

**Defendant**     **GOINS, MARK ANTHONY**     **Pro Se**

               103 MERIDITH DR
               ABERDEEN, NC 28315
               Black
               Male

**State**       **STATE OF NORTH CAROLINA**     **SWOPE, CHRISTIAN JAMES**
               ** Confidential Address **     *Retained*
               Other

**Complainant**  **ANZALDUA, KRISTEN**

               3344 PRESSON ROAD
               MONROE, NC 28112

| Fiduciary | **BOSTON, TRUMAINE, A** | |
| --- | --- | --- |
| | 307 WEST 16TH ST<br>WASHINGTON, NC 27889 | |
| **School Board** | **Union County School Board** | **Morris, Michele E.**<br>*Retained* |
| | 400 N. Church St.<br>Monroe, NC 28112 | |
| **Surety** | **BANKERS INSURANCE COMPANY** | |
| | P.O. BOX 15707<br>ST. PETERSBURG, FL 33733 | |

# Case Events

**08/21/2025**



Notice (General)
*Notice of Procedural Default & Demand for Immediate Release, Production of Charge Sheet & Dismissal With Prejudice*
Filed By:   Defendant GOINS, MARK ANTHONY
Created:   08/21/2025 4:06 PM
Index # 47

**08/21/2025**                                                                                        Index # 46

Notice (General)
*Notice of Dishonor, Default & Fee Schedule*
Filed By:   Defendant GOINS, MARK ANTHONY
Created:   08/21/2025 4:04 PM

**08/21/2025**                                                                                        Index # 45

Notice of Intent
*To Introduce Lab Report*
Filed By:   Prosecuting Attorney SWOPE, CHRISTIAN JAMES
Created:   08/21/2025 3:23 PM

**08/01/2025**                                                                                        Index # 44

Other/Miscellaneous
*Individual Notice of Lien and Commercial Default*
Created:   08/04/2025 8:41 AM

**07/28/2025**                                                                                        Index # 42

Other/Miscellaneous
*Fiduciary Filing & UCC-1 Lien Notice*
Created:   07/28/2025 4:30 PM

| | | |
|---|---|---|
| 07/23/2025 | Subpoena Returned | Index # 37 |
| | *UCSO* | |
| | Created:   07/23/2025 3:34 PM | |

| | | |
|---|---|---|
| 07/23/2025 | Subpoena Returned | Index # 38 |
| | *UCSO* | |
| | Created:   07/23/2025 3:34 PM | |

| | | |
|---|---|---|
| 07/23/2025 | Subpoena Returned | Index # 39 |
| | *UCSO* | |
| | Created:   07/23/2025 3:34 PM | |

| | | |
|---|---|---|
| 07/23/2025 | Subpoena Returned | Index # 40 |
| | *UCSO* | |
| | Created:   07/23/2025 3:34 PM | |

| | | |
|---|---|---|
| 07/23/2025 | Subpoena Returned | Index # 41 |
| | *UCSO* | |
| | Created:   07/23/2025 3:34 PM | |

| | | |
|---|---|---|
| 07/22/2025 | Undeliverable Mail | Index # 36 |
| | *NOTICE OF HEARING* | |
| | Created:   07/22/2025 2:18 PM | |

| | | |
|---|---|---|
| 07/10/2025 | Other/Miscellaneous | Index # 35 |
| | *Acquisition or Abandonment of Secured Property* | |
| | Filed By:   Defendant GOINS, MARK ANTHONY | |
| | Created:   07/11/2025 9:39 AM | |

| | | |
|---|---|---|
| 07/10/2025 | Other/Miscellaneous | |
| | *Consular Notice of Objection and Demand for Diplomatic Jurisdiction* | |
| | Created:   07/11/2025 9:09 AM | |
| Index # 34 | | |

| | | |
|---|---|---|
| 07/10/2025 | Waiver of Counsel    (Judicial Officer: GOODWIN, ANNA M) | Index # 33 |
| | Created:   07/10/2025 3:04 PM | |

07/09/2025          Release Order Issued                                   Index # 32
                    *Location: UNION COUNTY COURTHOUSE*
                    Crim Proc #:   RO-25-456576
                    Created:   07/09/2025 11:19 AM

07/09/2025          Order for Arrest Returned Served                       Index # 31
                    *Location: UNION COUNTY COURTHOUSE*
                    Crim Proc #:   OFA-25-418113
                    Created:   07/09/2025 11:17 AM

07/01/2025          Bond Forfeiture Notice      (Judicial Officer: ELKINS, ADAM M)   Index # 30
                    Parties:   Defendant GOINS, MARK ANTHONY;
                               Fiduciary BOSTON, TRUMAINE, A;
                               Surety BANKERS INSURANCE COMPANY
                    Created:   06/27/2025 11:10 AM

06/23/2025          Judgment/Other                                        Index # 29
                    *Pretrial motions*
                    Created:   06/26/2025 4:16 PM

06/23/2025          Called and Failed                                     Index # 27
                    Created:   06/23/2025 4:34 PM

06/23/2025          Order for Arrest Issued                               Index # 28
                    *Location: UNION COUNTY COURTHOUSE*
                    Crim Proc #:   OFA-25-418113
                    Created:   06/23/2025 4:34 PM

06/23/2025          Bond Forfeited                                        Index # 26
                    Created:   06/23/2025 4:27 PM

06/23/2025          Called and Failed     (Judicial Officer: ELKINS, ADAM M)   Index # 25
                    Created:   06/23/2025 4:26 PM

06/23/2025          Witness List                                          Index # 23
                    Filed By:   Prosecuting Attorney SWOPE, CHRISTIAN JAMES
                    Created:   06/23/2025 2:18 PM

06/06/2025          Other/Miscellaneous                                   Index # 22
                    *Application for Search Warrant/Search Warrant (7/20/2023)*
                    Filed By:   Defendant GOINS, MARK ANTHONY
                    Created:   06/06/2025 4:47 PM

06/05/2025                                                    Index # 21

Notice (General)
*Notice of Expert Witness Pursuant to N.C.G.S. 15A-903*
Filed By:   Prosecuting Attorney SWOPE, CHRISTIAN JAMES
Created:   06/05/2025 8:06 AM

02/28/2025

Other/Miscellaneous
*Notice to all Local, State, and Federal Government Officers, Employees and Agents of my Revocationand Cancellation of all Powers of Attorney without the United States pursuant to 28 USC 1746(1)*
Filed By:   Defendant GOINS, MARK ANTHONY
Created:   03/04/2025 8:31 AM
Index # 20

02/10/2025                                                    Index # 19

Subpoena Returned
*CABARRUS COUNTY SFF $5.00 SERVICE FEE.*
Created:   02/10/2025 1:57 PM

02/10/2025                                                    Index # 18

Subpoena Returned
*CABARRUS COUNTY SFF $5.00 SERVICE FEE*
Created:   02/10/2025 1:56 PM

02/10/2025                                                    Index # 17

Subpoena Returned
*CABARRUS COUNTY SFF $5.00 SERVICE FEE*
Created:   02/10/2025 1:55 PM

02/10/2025                                                    Index # 16

Subpoena Returned
*CABARRUS COUNTY SFF $5.00 SERVICE FEE*
Created:   02/10/2025 1:53 PM

02/10/2025                                                    Index # 15

Subpoena Returned
*CABARRUS COUNTY SFF $5.00 SERVICE FEE*
Created:   02/10/2025 1:51 PM

02/10/2025                                                    Index # 14

Subpoena Returned
*CABARRUS COUNTY SFF $5.00 SERVICE FEE*
Created:   02/10/2025 1:50 PM

| 02/07/2025 | 📄 | Index # 13 |

Subpoena Returned
*UCSO Crime Lab- Wks 2/3; 3/3; 3/31; 4/28; 5/26 6/23*
Created:   02/07/2025 9:22 AM

| 01/29/2025 | 📄 | Index # 12 |

Subpoena Returned
*Union Co Sheriff $ Service Fee*
Created:   01/29/2025 5:01 PM

| 01/27/2025 | 📄 | Index # 10 |

Subpoena Returned
*Union Co Sheriff $5 Service Fee*
Created:   01/28/2025 8:20 AM

| 01/27/2025 | 📄 | Index # 11 |

Subpoena Returned
*Union Co Sheriff $5 Service Fee*
Created:   01/28/2025 8:21 AM

| 01/27/2025 | 📄 | Index # 9 |

Subpoena Returned
*Union Co Sheriff $5 Service Fee*
Created:   01/28/2025 8:19 AM

| 01/27/2025 | | Index # 8 |

Subpoena Returned
*Union Co Sheriff $5 Service Fee*
Created:   01/28/2025 8:18 AM

| 01/27/2025 | 📄 | Index # 7 |

Subpoena Returned
*Union Co Sheriff $5 Service Fee*
Created:   01/28/2025 8:18 AM

| 12/13/2024 | 📄 | Index # 5 |

Other/Miscellaneous
*Affidavit of Truth*
Filed By:   Defendant GOINS, MARK ANTHONY
Created:   12/17/2024 12:36 PM

12/13/2024
📄

Other/Miscellaneous
*Notice to all Local, State and Federal Government Officers, Employees and Agents of my Revocation and Cancellation of all Powers of Attorney Without The United States Pursuant to 28 USC 1746(1)*
Filed By:   Defendant GOINS, MARK ANTHONY
Created:   12/17/2024 12:35 PM
Index # 4

12/13/2024          🗎                                           Index # 3

Other/Miscellaneous
*The Twelve Presumptions of Court*
Filed By:   Defendant GOINS, MARK ANTHONY
Created:   12/17/2024 12:32 PM

10/10/2024
Converted Continuances
*01 Continued Accumulator - by Defense 00 Continued Accumulator - by the State 00 Continued Accumulator - by the Judge 00 Continued Accumulator - by Unreached Verdict*
Created:   10/10/2024 12:00 AM


09/22/2024          🗎

Legacy Complete Case Scan
Created:   09/22/2024 12:00 AM

08/19/2024     Motion/Order to Continue
*Court Session: 2025-02-03; ANTE MERIDIEM; TRIAL;*
Created:   08/19/2024 9:24 AM

06/17/2024     Motion/Order to Continue
*Court Session: 2024-08-14; ANTE MERIDIEM; TRIAL;*
Created:   06/17/2024 1:08 PM

05/20/2024     Motion/Order to Continue
*Court Session: 2024-06-12; ANTE MERIDIEM; TRIAL;*
Created:   05/20/2024 9:51 AM

03/25/2024     Motion/Order to Continue
*Court Session: 2024-05-15; ANTE MERIDIEM; TRIAL;*
Created:   03/25/2024 9:55 AM

02/01/2024     Motion/Order to Continue
*Court Session: 2024-03-20; ANTE MERIDIEM; TRIAL;*
Created:   02/01/2024 10:51 AM

01/05/2024     Motion/Order to Continue
*Court Session: 2024-02-21; ANTE MERIDIEM; TRIAL;*
Created:   01/05/2024 10:13 AM

*1-50 of 63*

---

## Hearings

---

09/30/2025    🖾    *CANCELED* **Electronic Warrants Assigned**   (9:30 AM)
                    Resource: Location 890-DIST Union Co. Courthouse, Courtroom 3
                    08/06/2025 Reset by Court to 09/30/2025
                    *In Error*
              Created:  07/09/2025 11:19 AM

09/15/2025    **Jury Trial**   (10:00 AM)
                    Resource: Location 890-SUP7 Union Co. Courthouse, Courtroom 7
              Created:  07/16/2025 11:21 AM

07/10/2025    **Arraignment-Video**   (9:00 AM)   (Judicial Officer: GOODWIN, ANNA M)
                    Resource: Location 890-CTR5 Union Co. Courthouse, Courtroom 5
                    **MINUTES - 07/10/2025**
                                    🖾
                              Waiver of Counsel    (Judicial Officer: GOODWIN, ANNA M)
                                    Created:  07/10/2025 3:04 PM

                    Index # 33
                    Hearing Held;
                        *Hearing Held*
              Created:  07/10/2025 8:29 AM

06/23/2025    **Disposition Hearing**   (10:00 AM)   (Judicial Officer: ELKINS, ADAM M)
                    Resource: Location 890-SUP7 Union Co. Courthouse, Courtroom 7
                    02/03/2025 Reset by Court to 02/03/2025
                    02/03/2025 Reset by Court to 03/03/2025
                    03/03/2025 Reset by Court to 04/28/2025
                    04/28/2025 Reset by Court to 06/23/2025
                    **MINUTES - 06/23/2025**
                              Called and Failed    (Judicial Officer: ELKINS, ADAM M)
                                    Created:  06/23/2025 4:26 PM

                    Index # 25
                                    🖾                                              Index # 29
                              Judgment/Other
                              *Pretrial motions*
                                    Created:  06/26/2025 4:16 PM
                    OFA Ordered;
                        *OFA Ordered*
              Created:  10/12/2024 4:30 AM

10/30/2023    **Disposition Hearing**   (9:00 AM)
                    Resource: Location 890-SUPR Union Co. Courthouse, Courtroom 2
                        *Hearing Held*
              Created:  10/30/2023 12:00 AM

# Bond Settings

| 07/09/2025 | **Bond Setting** | |
|---|---|---|
| | Set By Clerk | $1,000,000.00 |

Secured Bond - Property by Defendant , Secured Bond - Cash by Accommodation , Secured Bond - Property by Accommodation , Secured Bond - Cash by Defendant , Secured Bond - Professional Surety

Conditions:

- Defendant arrested/surrendered after FTA under prior RO - The defendant was arrested or surrendered after failing to appear as required under a prior release order.

| 07/21/2023 | **Bond Setting** | |
|---|---|---|
| | Set by Judge | $200,000.00 |

Secured Bond - Property by Defendant , Secured Bond - Cash by Accommodation , Secured Bond - Property by Accommodation , Secured Bond - Cash by Defendant , Secured Bond - Professional Surety